■ In the Matter of the Claim of GISALA NISSELS, Respondent, against CARSON'S DEPARTMENT STORE et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law from a decision and award of the Workmen's Compensation Board which allowed death benefits to the claimant widow and directed reimbursement from the Fund for payments subsequent to those for the first 104 weeks. An appeal by the employer and carrier was withdrawn. The board found that decedent, while performing the work of a window trimmer in a retail store, was subjected to unusual strain and exertion which precipitated a cerebral hemorrhage causing his death. There was proof that decedent, working against time to prepare a window display before the store opened for a special sale or promotion of some kind, moved some 6 or 7 mannequins, each weighing from 45 to 65 pounds, contrary to his usual custom of first dismantling them into their component parts or obtaining the assistance of a porter. Contrary to his usual procedure, also, he worked with a number of incandescent spotlights and fluorescent lamps lighted, so that heat of from 105 to 110 degrees was generated in the confined space of the display window. The medical testimony was conflicting but the board was entitled to accept, as it did, the opinion that the "greater stress, great hurry and * * * conditions of heat and perhaps excitement" combined to cause a rise in the high blood pressure associated with decedent's pre-existing cerebral vascular disease too much for his cerebral tree vessels to stand, although they were competent to maintain their normal function under usual working conditions, so that hemorrhage and death ensued. The board's findings of accident and causal relationship were thus supported by substantial evidence. The board was warranted, also, in charging appellant Special Fund. There was substantial proof that death was caused by a cerebral vascular accident due to hypertensive heart disease which had existed for some time. The board was warranted in finding that the employer's president as well as its store manager and merchandising manager knew of decedent's condition insofar as it involved high blood pressure and that one of them considered it permanent, because of its long standing, and likely to cause a collapse and, further, recognized it as an impairment and on that account ordinarily provided him assistance which would not normally have been required. We do not pass on the procedural question raised in the brief of respondent Workmen's Compensation Board. Decision and award unanimously affirmed, with one bill of costs against appellant to be divided between respondents employer and carrier and respondent Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.